**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**IN RE:**

**CLARITA SOMMERS JOHNSON,**
**FRANCIS MCQUEEN ROZELLE**                     **Bankruptcy Case No. 14-51480-RBK**

*Debtors***.**

—————————————————————

**CLARITA SOMMERS JOHNSON,**
**FRANCIS MCQUEEN ROZELLE,**

*Appellants***,**

**v.**                                          **Case No. SA-25-CV-00180-JKP**

**JOHN PATRICK LOWE,**

*Appellee***.**

**<u>OPINION</u>**

Before the Court is Debtors and Appellants Clarita Johnson and Francis Rozelle's appeal

from an Order and Judgment in Bankruptcy Case No. 14-51480-RBK. Upon consideration, the

appealed Order and Judgment of the Bankruptcy Court are **AFFIRMED**.

**FACTUAL BACKGROUND**

Johnson and Rozelle (Debtors) filed bankruptcy under Chapter 11 in June 2014 to avoid

foreclosure on 114 acres of land they owned in San Antonio, Texas. The Bankruptcy Court

appointed John Patrick Lowe as Trustee of the bankruptcy estate of Johnson and Rozelle, which

was originally filed under Chapter 11, and then under Chapter 7, of the Bankruptcy Code. The

land was eventually sold at a public auction for approximately $20.3 million dollars, and all

allowed secured and unsecured creditors were paid in 2016, with a surplus of over $2 million. Although the surplus was to be returned to Rozelle and Johnson, Lowe has been unable to finalize the administration of the bankruptcy estate because Johnson and Rozelle filed numerous challenges to many actions taken by Lowe and other estate professionals, and the Bankruptcy Court's rulings on these challenges resulted in numerous appeals to this District Court and to the Fifth Circuit. Many of these challenges and appeals were all premised on the same allegations of misconduct, and the Bankruptcy Court's rulings have been repeatedly affirmed. *E.g., Rozelle v. Lowe*, No. 5:15-CV-108, 2016 WL 8729475 (W.D. Tex. Mar. 29, 2016), aff'd *In re Rozelle*, 671 F. App'x 359 (5th Cir. 2016); *Rozelle v. Branscomb, P.C.*, No. 5:16-CV-01024, 2017 WL 3301511 (W.D. Tex. July 31, 2017); *Rozelle v. Autry*, No. SA 17-CV-01237, 2019 WL 1333032 (W.D. Tex. Mar. 25, 2019); *Johnson v. Lowe*, No. 14-51480, 2022 WL 17169189, at *1, 3-4 (W.D. Tex. Nov. 22, 2022), aff'd, 2023 WL 4744920 (5th Cir. July 25, 2023). Since the case's inception, Johnson and Rozelle filed seventeen (17) appeals and direct actions in this Court and seven (7) appeals to the Fifth Circuit. *ECF No. 2-21, at 3-7*.

On May 21, 2024, Lowe filed in the Bankruptcy Court an Adversary Complaint Seeking Declaratory Judgment, Channeling Injunction, and Related Relief. *ECF No. 12-2*. Lowe requested a trial on the merits in the Bankruptcy Court on the Adversary Complaint. *Id*. Johnson and Rozelle answered the Adversary Complaint. *ECF No. 2-20*. The Bankruptcy Court set the matter for trial, ordered Johnson and Rozelle to appear at the scheduled trial, and warned Johnson and Rozelle that failure to appear could result in the Bankruptcy Court granting the relief requested as unopposed. *ECF No. 2-13; ECF No. 3, pp. 60-65*. On January 15, 2025, the Bankruptcy Court held trial on the Adversary Complaint. Johnson and Rozelle failed to appear or participate in the trial. *ECF No. 3-2, pp. 60-61*.

At trial, Lowe testified, and the bankruptcy court took judicial notice of the extensive litigation and procedural history of litigation and appeals in the case. *ECF No. 6-3, Tr.Rec. 1-16*. Lowe testified that despite the payment of all allowed secured and unsecured claims years ago, the estates remain open due to Johnson and Rozelle's multiple meritless appeals and continuing allegations of misconduct by the Trustee, his professionals, and the bankruptcy court. *Id. at Tr.Rec. pp.9-11*. Lowe testified that, based upon this history and displayed litigious nature, without the Gatekeeping Order, he expected that once he paid out the surplus to Johnson and Rozelle and closed the bankruptcy cases, Johnson and Rozelle would initiate more litigation against him and other estate professionals. As a result, Lowe testified he would personally incur thousands of dollars in legal fees. *Id. at Tr.Rec. pp. 10-11*.

Following trial and receipt of unopposed evidence and testimony, the Bankruptcy Court entered the appealed Order on January 17, 2025, which the parties refer to as the "Gatekeeping Order" and the "channeling injunction" (hereinafter, the "Gatekeeping Order"). *ECF Nos. 1-3, Dkt No. 29; 2-21*. In the Gatekeeping Order, the Bankruptcy Court issued Findings of Fact and Conclusions of Law, and based upon these findings and conclusions, issued Judgment. *Id*. The Gatekeeping Order and Judgment, together, made declarations and ordered several injunctions to govern the remainder of the bankruptcy administration. *Id*. Specifically, the Bankruptcy Court (1) declared "neither the Trustee nor any of his professionals in the above-styled and captioned bankruptcy cases (the "Bankruptcy Cases") have engaged in any misconduct or violated any duties owed to the Defendants, the bankruptcy estates (the "Estates"), or any other persons in these Bankruptcy Cases;" (2) issued an injunction ordering "Defendants [Johnson and Rozelle] are enjoined from filing any proceedings against the Trustee [Lowe] or professionals employed by the Trustee without first obtaining permission from this Court;" (3) ordered "when closing the

Bankruptcy Cases, the Trustee shall retain $100,000.00 from the surplus generated in each of the Estates (for a total of $200,000.00) as a reserve (the "Reserve") to be held for his benefit and the benefit of his professionals until the statute of limitations expires on any claims against the Trustee and professionals employed by the Trustee in these Bankruptcy Cases;" (4) ordered "in the event that the Trustee or his professionals incur any costs or expenses associated with a violation by either of the Defendants of the injunction contained herein, they shall be entitled to draw down such costs of expenses from the Reserve without further order from this Court; (5) ordered "that after all limitation periods have run on any claims against the Trustee and professionals employed by the Trustee in these Bankruptcy Cases, the Defendants may make request to the Trustee for disbursement of any funds remaining in the Reserve;" (6) ordered "that the injunction above applies to any disputes Defendants wish to bring with respect to any disagreements between them and the Trustee as to the terms of this Judgment, including but not limited to whether the limitation periods have run and Defendants are entitled to receive any funds remaining in the Reserve;" and (7) "that if, after all limitations periods have run on any claims against the Trustee and professionals employed by the Trustee in these Bankruptcy Cases, the Trustee attempts to return to the Defendants such funds as may remain from the Reserve, and Defendants fail to negotiate the checks mailed to them by the Trustee within ninety (90) days of the date on those checks, the Trustee is authorized to cancel payment on those checks and to instead pay those unclaimed funds to the Clerk of the Court." *ECF Nos. 1-3, Dkt No. 29; ECF No. 2-21*.

Johnson and Rozelle filed an appeal of the Gatekeeping Order on February 18, 2025. *ECF No. 1*.

**STANDARD OF REVIEW**

"When reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as an appellate court and applies the standard of review generally applied in federal court appeals." *In re Renaissance Hosp. Grand Prairie Inc.*, 713 F.3d 285, 293 (5th Cir. 2013) (quoting *Matter of Webb,* 954 F.2d 1102, 1103–04 (5th Cir. 1992)). "On appeal, 'the burden is on the appellants to show error.'" *Edwards Family P'shp, LP v. Johnson (In re Cmty. Home Fin. Servs. Corp.)*, 32 F.4th 472, 484 (5th Cir. 2022) (quoting *Murphy v. St. Paul Fire & Marine Ins. Co.*, 314 F.2d 30, 31 (5th Cir. 1963)).

Ordinarily, a district court reviews a bankruptcy court's findings of fact under the clearly erroneous standard and conducts de novo review of legal conclusions. *Saenz v. Gomez*, 899 F.3d 384, 390 (5th Cir. 2018); *Credit v. Schott (In re Jackson)*, 850 F.3d 816, 818 (5th Cir. 2017). When a party fails to appear at trial, any factual evidence presented by the opposing party shall be accepted by the court and considered as undisputed. A bankruptcy court's findings of such undisputed facts shall not be reviewable. Consequently, when an "appeal is based on the bankruptcy court's application of law to undisputed facts, the de novo standard of review applies." *Newco Energy v. Energytec, Inc. (In re Energytec, Inc.)*, 739 F.3d 215, 218 (5th Cir. 2013).

In conducting de novo review based upon undisputed facts, the district court uses the bankruptcy court's record, conducts the same legal analysis, and may reverse the bankruptcy court only if it misinterpreted or misapplied applicable law or erred in forming any legal conclusion. *See In re Taxotere (Docetaxel) Products Liab. Litig.*, No. MDL 16-2740, 2019 WL 2330435, at *1 (E.D. La. May 31, 2019). When reviewing a bankruptcy court's conclusions of law de novo, a district court may affirm the decision on any ground supported in the record and

need not agree with every legal conclusion reached by the bankruptcy court. *See Arguello v. LaFavers*, 448 F. Supp. 3d 655, 662 (S.D. Tex. 2020); *Traina v. Whitney National Bank,* 109 F.3d 244, 246 (5th Cir. 1997).

A bankruptcy court's decision to impose sanctions is discretionary, and review upon appeal shall be for abuse of discretion. *Placid Ref. Co. v. Terrebonne Fuel & Lube*, 108 F.3d 609, 613, (5th Cir. 1997); *Rozelle v. Branscomb, PC*, Case No. 5:16-cv-01024, 2017 WL 3301511, at *2 (W.D. Tex. Jul. 31, 2017). A court abuses its discretion only if it bases its decision on an erroneous view of the law, improper application of legal standard or procedure, or on a clearly erroneous assessment of the evidence. *Lejeune ex rel. Estate of Caillouet v. JFK Cap. Holdings. LLC (In re JFK Cap. Holdings, LLC)*, 880 F.3d 747, 751 (5th Cir. 2018) (quoting *Barron & Newburger, PC v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 270 (5th Cir. 2015) (en banc)).

**ISSUES RAISED ON APPEAL**

Johnson and Rozelle list the following issues for this Court's review on appeal from the Bankruptcy Court's Gatekeeping Order:

1. Whether the bankruptcy court erred when it found that trustee John Patrick Lowe has been the duly appointed chapter seven trustee.

2. Whether the bankruptcy court erred in making findings and decisions regarding prior appeals, future claims, the channeling injunction, and what it claims to know about the debtors future intentions on the false allegation that there exists no evidence on the record of fraud, fraud on the court, and a price-fixing and bid-rigging scheme perpetrated by collusion between the trustee, his professionals and the purchasers.

3. Whether the bankruptcy court erred by finding and ordering the eight channeling injunction to restrict the appellants/victims of bankruptcy crimes from seeking justice in a non partial court.

## ANALYSIS

### I.    Issues Raised on Appeal #1 and #2

In the first two listed Issues on Appeal, Johnson and Rozelle seek this Court's review of the validity of Lowe's appointment as Trustee following conversion of the case from a Chapter 11 bankruptcy to a Chapter 7 bankruptcy and, again, challenges the alleged fraud that occurred in Lowe's sale of the property at issue.

These challenges are untimely in this appeal and/or have already been reviewed and the Bankruptcy Court's rulings affirmed in previous appeals. *See, e.g., Rozelle v. Lowe*, No. 5:15-CV-108, 2016 WL 8729475 (W.D. Tex. Mar. 29, 2016), aff'd *In re Rozelle*, 671 F. App'x 359 (5th Cir. 2016); *Rozelle v. Branscomb, P.C.*, No. 5:16-CV-01024, 2017 WL 3301511 (W.D. Tex. July 31, 2017); *Rozelle v. Autry*, No. SA 17-CV-01237, 2019 WL 1333032 (W.D. Tex. Mar. 25, 2019); *Johnson v. Lowe*, No. 14-51480, 2022 WL 17169189, at *4 (W.D. Tex. Nov. 22, 2022), aff'd sub nom., 2023 WL 4744920 (5th Cir. July 25, 2023). In these previous appeals, other District Courts found Johnson and Rozelle raised the same issues and arguments on numerous occasions. *See Rozelle v. Autry*, 2019 WL 1333032, at *5; *Johnson v. Lowe*, 2022 WL 17169189, at *4.   Johnson and Rozelle's arguments have "repeatedly been composed of conclusory and unsupported allegations, and this Court has made clear that [Johnson and Rozelle's] allegations are not credible and have not provided a basis for overturning any order issued by the bankruptcy court." *Id*. Based upon the repeated meritless appeals, the District Court in *Rozelle v. Autry* requested Lowe file a motion for sanctions under Federal Rule of Bankruptcy Procedure 8020 for filing a frivolous appeal. *Id*.

Based upon this history and the previous decisions arising from these same challenges and arguments, this Court will not re-consider these arguments and appeal issues.

**II.      Issue Three: Appeal from "Gatekeeping Order"**

The Court will liberally construe Johnson and Rozelle's arguments challenging the Bankruptcy Court's Gatekeeping Order to be the Bankruptcy Court abused its discretion by requiring they obtain permission from the Bankruptcy Court prior to filing any future proceeding against Lowe or estate professionals and by setting aside surplus funds for Lowe to defend against any such proceeding until the expiration of any applicable statute of limitations.

A court has "the power to enjoin plaintiffs from future filings when those plaintiffs consistently abuse the court system and harass their opponents." *Rozelle v. Branscomb*, 2017 WL 3301511, at *6–7 (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 183 (5th Cir. 2008)). A bankruptcy court holds significant discretionary power to manage its docket, including performing a gatekeeping functions. *Matter of Salubrio, L.L.C.*, 2024 WL 1795773, at *2 (5th Cir. Apr. 25, 2024); U.S. Bankr. Code, 11 U.S.C. § 105. "In determining whether it should impose a pre-filing injunction or should modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum,* 513 F.3d at 189. Further, as stated previously, this Court reviews the Bankruptcy Court's decision to impose sanctions for abuse of discretion. *See Placid Ref. Co.*, 108 F.3d at 613. While sanctions against pro se plaintiffs are rare, pro se litigants can be sanctioned for frivolous pleadings. *Rozelle v. Branscomb*, 2017 WL 3301511, at *6–7; *see also Goughlan v. Starkey*, 852 F.2d 806, 816 n.18 (5th Cir. 1988).

Because Johnson and Rozelle did not appear at trial, this Court accepts the Bankruptcy Court's Findings of Fact based upon the undisputed testimony and evidence presented. This Court's review for abuse of discretion is limited to whether the Bankruptcy Court properly considered and weighed all relevant circumstances and the necessary factors prior to issuing the Gatekeeping Order imposing the pre-filing sanction and reservation of funds.

At trial, Lowe presented undisputed evidence of Johnson and Rozelle's numerous challenges and appeals, which were all determined to be meritless and frivolous by the applicable courts. *ECF No. 6-3, Tr. Rec. pp. 8-12*. Lowe testified pertaining to the burden these challenges and appeals placed on the courts and the estates from the inception of the bankruptcy case. *Id*. Lowe testified to the expectation of future vexatious litigation based upon this history and necessity of reservation of funds to protect him from the expense and burden of future litigation. *Id*. The Bankruptcy Court issued Findings of Fact pertinent to this undisputed evidence and testimony and pertinent to the four factors. *ECF No. 1-3, Dkt. No. 29; ECF No. 2-21*. The Bankruptcy Court issued Conclusions of Law pertaining to the four factors, stating,

> The Court concludes that the relevant circumstances and extensive history all weigh in favor of a continuing re-filing injunction against Debtors. As detailed above, Debtors have repeatedly wasted both bankruptcy, district, and appellate court resources on frivolous appeals premised on their repeatedly rejected and still unsubstantiated conspiracy theories. The Court finds that Debtors intend to both continue challenging the Trustee's conduct through filings with this Court and that once these bankruptcy cases are closed the Debtors will attempt to assert claims against the Trustee and his professionals in other venues. Debtors lack any good faith basis to continue to pursue litigation against the Trustee or his professionals. . . . Additionally, in order to incentivize Debtors not to continue to file frivolous claims and to provide a means for compensation for defense of such frivolous claims, retention of $100,000 from the surplus generated from each of Debtors' estates is appropriate and necessary. This reserve will remain in place until the statute of limitations expires on any claims against the Trustee and his associated professionals.

*ECF No. 1-3, Dkt. Entry #29, p. 5; ECF No. 2-21*.

Based upon this record, the Bankruptcy Court considered the appropriate factors to determine the viability of sanctions, and the Bankruptcy Court's ultimate decision was not based upon an erroneous view of the law, improper application of legal standard or procedure, or on a clearly erroneous assessment of the evidence. *See In re JFK Cap. Holdings, LLC*, 880 F.3d at 751. Therefore, the Bankruptcy Court was within its broad discretion to require pre-filing review of any further proceedings against Lowe or estate professionals and to institute the reservation of funds given Johnson and Rozelle's history of vexatious litigation and appeals. Based upon the Court's review of the history of this litigation and the Bankruptcy Court's reasoning and application of the appropriate factors, the Court finds the Gatekeeping Order is an appropriate exercise of the Bankruptcy Court's inherent power to interpret and enforce its orders and to manage its docket. *See* 11 U.S.C. § 105. The Gatekeeping Order here does not permanently enjoin Johnson and Rozelle's litigation; it simply requires them to seek leave before bringing claims against Lowe or any estate professional.

## CONCLUSION

The Court finds the Bankruptcy Court correctly applied and weighed the appropriate factors based upon the undisputed facts. Therefore, the Bankruptcy Court did not abuse its discretion by awarding all of the injunctive relief requested and set forth in the Gatekeeping Order. Nothing in the record supports a finding the Bankruptcy Court made any erroneous finding of fact, conclusion of law, or erroneous application of the legal standard.

Therefore, the Bankruptcy Court did not abuse its discretion or err in granting Lowe's requested relief in the Adversary Complaint. This Court affirms the Bankruptcy Court's Gatekeeping Order.

AFFIRMED.

SIGNED this 21st day of January, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE